**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNETH JORDAN,** | ) | |
| **ID # 08514-078,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-0588-D-BH** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| **et al.,** | ) | |
| **Defendants** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Plaintiff filed this action in March 2009.  After granting him leave to proceed *in forma pauperis*, the Court sent him a Magistrate Judge's Questionnaire ("MJQ") on May 20, 2009, directing him to answer the questions and return his answers within thirty days.  It expressly warned him that "[f]ailure to file answers to the questions may result in the dismissal of the action for failure to prosecute." Plaintiff filed no answers within thirty days, and this Court recommended on June 25, 2009, that the complaint be dismissed without prejudice for want of prosecution.  While the recommendation was pending, on July 6, 2009, the Court received a change of address from Plaintiff with a request for a thirty day extension of time.  On July 7, 2009, the Court vacated the recommended dismissal and directed that the MJQ be mailed to Plaintiff at his new address.  It granted him another thirty days to answer the MJQ, and again warned him that the failure to timely do could result in the dismissal of this action for failure to prosecute.  To date, Plaintiff has again filed no response to the MJQ.  This failure demonstrates an inclination not to prosecute this action.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with the July 7, 2009 order that he file his answers within thirty days.  Accordingly, the Court should dismiss this federal action.

## III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 17th day of August, 2009.**

*Irma Carrillo Ramirez*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE